**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:01cr216-4**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| KERRY LAMONT BRONSON. | ) | |

**THIS MATTER** is before the court on a letter sent to the court on or about July 23, 2012, which the court has filed as a second Motion to Reduce Sentence (#384). In that letter, defendant disagrees with court-appointed counsel's assesment that he is entitled to a sentence reduction to 262 months, and argues that he is entitled to a reduction to 240 months under the Fair Sentencing Act of 2010. On July 24, 2012, this court entered its Order granting defendant's first Motion to Reduce Sentence (#377), therein reducing defendant's sentence to 240 months, thereby granting defendant substantially all the relief he sought in his second motion. Clearly, the Order granting the relief and the second motion seeking such relief crossed in the mail.

In addition to a reduction in sentence, defendant also argues that it would be appropriate to reduce his period of Supervised Release from 10 years to 5 years. Defendant has not, however, provided the court with any citation of law that would support reducing supervised release in conjunction with review under the FSA. As a general matter, motions seeking a reduction of sentence pursuant to the retroactive guideline are governed by 18 U.S.C. § 3582(c)(2), whicb provides as follows:

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994 (o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court *may reduce the term of imprisonment*, after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added). Nothing in the statute allows the court to reduce a term

-1-

of supervised release. Put another way, Section 3582(c)(2) proceedings are not full resentencings. Such part of defendant's request will, therefore, be denied.

Defendant is advised, however, that in exercising its discretion in granting the sentencing reduction in July, the court considered defendant's disciplinary record as well as his educational and vocational achievements while incarcerated, all of which were exceptionally good. He is advised that if he performs as well on supervised release, it is possible (if such is allowed by law in his particular case) for his supervised release officer to move for early termination of supervised release.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's second Motion to Reduce Sentence (#384) is **DENIED** as moot.

Signed: August 7, 2012

Max O. Cogburn Jr.
United States District Judge